IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORMAN L. PRICER,

    **Plaintiff,**

vs.                                      CIV No. 98-1310 JP/RLP

STATE OF NEW MEXICO,
ENVIRONMENT DEPTARTMENT,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

On September 16, 1999, Plaintiff filed "Plaintiff's 8/27/99 Opposed Motion to Amend Complaint by Adding Charge of Retaliation against Defendant NMED," (Doc. No. 33), under FED. R. CIV. P. 15(a) seeking to amend his complaint to add a claim of retaliation against Defendant New Mexico Environment Department. Defendant argues that Plaintiff should be prohibited from amending his complaint to add a retaliation claim because the amendment is untimely and will prejudice Defendant.

Rule 15(a) states in relevant part that "a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend under FED. R. CIV.

1

P. 15(a) is within the discretion of the trial court, although it is an abuse of discretion to deny a motion to amend without providing justification. *Id*.

Plaintiff has already filed one motion to amend his original complaint to add Defendant Maggoire, which I granted on September 20, 1999.[1] Plaintiff has offered no compelling reason why he could not have simply filed one consolidated motion to amend his complaint to add both Defendant Maggoire and a claim of retaliation instead of wasting the Court's time with two separate motions to amend.

Nevertheless, I am compelled to grant "Plaintiff's 8/27/99 Opposed Motion to Amend Complaint by Adding Charge of Retaliation against Defendant NMED" because of the liberal standing for granting motions to amend established by FED. R. CIV. P. 15(a). The Initial Pre-Trial Report stated that Plaintiff anticipated filing a motion to amend his complaint to add a claim of retaliation once the EEOC had resolved pending charges. This provided Defendant with some notice of the retaliation claim. Although this case is now set for trial on a November 1, 1999, trailing calendar, if Defendant thinks it cannot be ready for trial by this date because of my ruling, Defendant may file a motion to continue the trial date. Also, if further discovery is needed regarding the retaliation claim, the parties should file an appropriate motion or be prepared to discuss this matter at the September 29, 1999, pre-trial conference meeting.

---

[1] *See* Memorandum Opinion and Order, (Doc. No. 32), filed September 20, 1999.

IT IS THEREFORE ORDERED that "Plaintiff's 8/27/99 Opposed Motion to Amend Complaint by Adding Charge of Retaliation against Defendant NMED" (Doc. No. 33) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE