# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NORMAN PRICER,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**CIV. No. 98-1310 JP/RLP**

**STATE OF NEW MEXICO,**
**ENVIRONMENT DEPTARTMENT, and**
**PETER MAGGIORE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 25, 2000 Defendant State of New Mexico Environment Department ("NMED") filed a Motion to Dismiss Claim III (Retaliation Against Plaintiff for Filing EEOC Complaint Alleging ADEA Violations) of Plaintiff's Second Amended Complaint (Doc. No. 55),[1] under Fed. R. Civ. P. 12(b)(1) and (b)(6). NMED requests that Plaintiff Norman Pricer's claim of retaliation brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), be dismissed with prejudice. After carefully reviewing the briefs, the pleadings, and the applicable law, I conclude that NMED's motion should be granted.

---

[1] This motion was actually served on Plaintiff on February 25, 2000 and was not filed with the Court until March 28, 2000 when it was filed as part of a motion packet in conformance with D.N.M.LR-Civ. 7.3.

**Background**

This lawsuit arises out of NMED's alleged discrimination and retaliation against Pricer, who has been employed by NMED since August 1989. On September 28, 1999 Pricer filed his second amended complaint. The only remaining claims in this case are against Defendant Maggiore in his individual capacity for alleged deprivation of Pricer's First Amendment rights in violation of 42 U.S.C. § 1983 and against NMED for alleged retaliation in violation of the ADEA.[2] NMED's motion to dismiss is directed at the ADEA claim for retaliation.

**Discussion**

In *Kimel v. Florida Bd. of Regents*, __ U. S. __ , 120 S. Ct. 631, 650 (2000), the Supreme Court held "that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid." Therefore, federal courts no longer have subject matter jurisdiction over ADEA claims brought by employees against states or state entities. *Harris v. University of Illinois*, No. 97 C 4783, 2000 WL 264331, at *1 (N.D.Ill. Feb. 28, 2000).

Here, it is undisputed that NMED is a state entity. Pricer also concedes that under *Kimel* this Court does not have jurisdiction to hear ADEA discrimination claims against state entities. Pricer nevertheless contends that this Court has jurisdiction to hear retaliation claims brought under the ADEA because *Kimel* did not explicitly address whether federal courts had jurisdiction

---

[2] Count I, which alleged age discrimination in violation of ADEA, was dismissed with prejudice on December 14, 1999. Count II originally alleged claims under 42 U.S.C. § 1983 against NMED and Defendant Maggiore for deprivation of Pricer's First Amendment rights. On December 10, 1999, the Section 1983 claims against NMED and against Defendant Maggiore in his official capacity were dismissed with prejudice by stipulation.

over ADEA *retaliation* claims brought against state entities. This argument is unpersuasive. *See Harris*, 2000 WL 264331 (applying *Kimel* and dismissing plaintiffs' age discrimination and "age discrimination-based harassment and retaliation claims" against state entity).

Pricer also makes the nonsensical argument that "his retaliation claim can be maintained through the retaliation provisions of Title VII given the [ ] connection between the ADEA and Title VII." (Resp. at unnumbered page 3.) This argument is completely meritless. Count III of Pricer's second amended complaint clearly states, "[s]aid retaliation on the part of Defendant mentioned in ¶ 5 of this claim is in violation of *ADEA*." (Second Am. Compl. at 6; emphasis added) It is obvious that Pricer alleged his retaliation claim under the ADEA--not Title VII. Nothing in Pricer's second amended complaint suggests that he is bringing a Title VII claim. Moreover, Pricer's ADEA retaliation claim cannot be salvaged by any similarity in the courts' treatment of ADEA and Title VII claims.

Finally, Pricer requests that if this Court determines that it lacks jurisdiction over his retaliation claim, this case be remanded to state district court. This case was originally filed in federal court; it was not removed from state district court. Therefore, it should simply be dismissed instead of remanded.

IT IS THEREFORE ORDERED that NMED's Motion to Dismiss Claim III (Retaliation Against Plaintiff for Filing EEOC Complaint Alleging ADEA Violations) of Plaintiff's Second Amended Complaint, (Doc. No. 55), should be GRANTED.

_____
UNITED STATES DISTRICT COURT JUDGE