# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NORMAN PRICER,**

        **Plaintiff,**

**v.**                                      **CIV. No. 98-1310 JP/RLP**

**PETER MAGGIORE, in his**
**individual capacity,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

At a June 1, 2000 pretrial conference, I heard arguments on Defendant Maggiore's two unfiled motions for summary judgment requesting that summary judgment be entered in Defendant Maggiore's favor under Fed. R. Civ. P. 56.[1]  Having considered the arguments of counsel and the applicable law, I conclude that Plaintiff's Section 1983 First Amendment claim against Defendant Maggiore should be dismissed with prejudice.

---

[1] These motions have been served on Plaintiff but have not yet been filed with the Court because the parties are still in the process of briefing the motions. *See* D.N.M.LR-Civ. 7.3 (requiring that pre-judgment motions be filed as a packet along with copies of all papers related to the motion).

**Background**

This lawsuit arises out of Plaintiff's employment with the New Mexico Environment Department ("NMED"). Plaintiff alleges that in July 1996 Defendant Maggiore, who was then the Director of the Environmental Protection Division at NMED, decided to transfer Plaintiff from the Grants office to the Albuquerque office. Upset with the transfer, Plaintiff complained to State Senator Joe A. Fidel. Plaintiff claims that Defendant Maggiore subsequently retaliated against Plaintiff for seeking and receiving Senator Fidel's assistance.

Plaintiff's sole remaining claim alleges that Defendant Maggiore violated Plaintiff's First Amendment right to petition and right to political association in violation of 42 U.S.C. § 1983.

**Discussion**

At the pretrial conference, Defendant Maggiore argued that Plaintiff's First Amendment claim should be dismissed because Plaintiff's petitioning of Senator Fidel did not involve a matter of public concern as required by *Martin v. City of Del City*, 179 F.3d 882, 886 (10th Cir. 1999). Defendant Maggiore also contended that Plaintiff's claim should be dismissed on the ground of qualified immunity.

*Public Concern Requirement*

Plaintiff argued at the conference that *Martin* is factually distinguishable from this case and that the "public concern" requirement therefore does not apply to Plaintiff's First Amendment claim against Defendant Maggiore. In *Martin,* the plaintiff appealed a job transfer to the Del Rio City Civil Service Commission. *Martin*, 179 F.3d at 884. On appeal to the Tenth Circuit, the plaintiff argued that the "public concern" requirement did not apply to First Amendment claims for alleged violations of the right to petition the government for redress of

grievances. *See id*. at 886. The Tenth Circuit reviewed its earlier opinion in *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990), which held that the public concern requirement applied to the plaintiff's claim under the Petition Clause. Although the *Martin* court considered a "scholarly" Third Circuit opinion that reached the opposite conclusion from the one reached in *Schalk*, the Tenth Circuit concluded that "this panel must follow *Schalk*'s holding, there being no intervening Supreme Court opinion and no *en banc* ruling by our court changing *Schalk*'s application of the principles relating to the Petition Clause, the Free Speech Clause and the right of association provision of the First Amendment." *Martin*, 179 F.3d at 889. The Tenth Circuit therefore rejected the plaintiff's claim that the public concern requirement did not apply to his claim against the defendants for alleged violations of his First Amendment right to petition the government for redress of grievances.

Plaintiff sought to distinguish *Martin* on the ground that in that case the plaintiff petitioned the City's Civil Service Commission while in this case Plaintiff petitioned a state senator. Having reviewed *Martin* and the cases cited by Plaintiff in his unfiled response to Defendant's first motion for summary judgment, I conclude that this distinction lacks significance and that the "public concern" requirement applies to Plaintiff's right to petition claim. *See Brenner v. Brown*, 36 F.3d 18 (7th Cir. 1994). In *Brenner*, the plaintiff complained about her supervisor to a state and federal senator. *See id*. at 20. On appeal, the plaintiff contended that she had "the right to complain to public officials about the conditions of her employment." *Id*. The Seventh Circuit rejected this argument, stating "[t]he federal courts [ ] will not question a government employer's decisions relating to an employee's speech that is of an entirely private concern." *Id*. (citations omitted). Thus, the "public concern" requirement applies to Plaintiff's

-3-

right to petition claim arising from his solicitation of Senator Fidel's assistance in avoiding a transfer to the Albuquerque office.

Application of the "public concern" requirement to this case dictates the conclusion that Plaintiff's request touched upon a matter of purely private concern. According to Senator Fidel's testimony, Plaintiff explained that he was being transferred because "they were reducing the staff at his office" and because "they were going to eventually close this office." (Fidel Depo. at 6.) Plaintiff testified that he had understood that his position in the Grants office was temporary, that he knew he could be laid-off, and that he told Senator Fidel that he "felt [he] had been set up on a position." (Pricer Depo. at 52.) Thus, Plaintiff's communications with Senator Fidel did not raise questions concerning any discrimination or other kind of issue that would be of concern to the general public. *Cf. Kemp v. State Bd. of Agric.*, 803 P.2d 498, 504 (Colo. 1990) (finding that "[a]t least part of" plaintiff's letter to her elected representative "seems directed at exposing racial discrimination problems within the university" and holding that the letter touched upon a matter of public concern), *cert. denied*, 501 U.S. 1205 (1991).

*Qualified Immunity*

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted). Once a defendant raises the qualified immunity defense, the plaintiff bears the "burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988). To do so, the plaintiff "must do

more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Id*. In order for pre-existing law to be clearly established, there must ordinarily "be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) (citation omitted), *holding limited on other grounds by Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993). The question of whether a plaintiff has invoked "clearly established law" is a question of law which the district court must decide. *Losavio*, 847 F.2d at 646.

Defendant claims that his conduct did not violate Plaintiff's clearly established First Amendment rights because *Martin* established that a claim for the right to petition the government for redress of grievances was subject to the public concern requirement and because Plaintiff's grievance to Senator Fidel represented a matter of private concern. Having reviewed the law, I agree with Defendant and conclude that he is entitled to qualified immunity as to Plaintiff's First Amendment claim.

IT IS THEREFORE ORDERED that Plaintiff's Section 1983 First Amendment claim against Defendant Maggiore should be dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT JUDGE